**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-292-C**

**PNC BANK, NATIONAL ASSOCIATION,**                                                              **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**M.T. PERSON, III, ET AL.,**                                                                         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for pre-judgment attachment (DE 9). The defendants have objected and requested that a hearing be held to resolve the plaintiff's motion. The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendants' request for a hearing on this motion.

On June 14, 2006, the plaintiff, PNC Bank, National Association ("PNC"), commenced this action against the defendants, The Providence Group, Inc. ("Providence") and M.T. Person III ("Person"), seeking damages for breach of contract in connection with the defendants' alleged failures to comply with their obligations under a committed revolving line of credit note ("the Note"). Providence and Person are non-residents of the State of Kentucky. On July 10, 2006, the plaintiff filed this motion for pre-judgment attachment, which the defendants have contested on various constitutional and statutory grounds.

**Legal Analysis**

The plaintiff seeks a pre-judgment attachment pursuant to K.R.S. §

425.301(1), which provides in relevant part:

> The plaintiff may, at or after the commencement of an action, have an attachment against the property of the defendant . . . as a security for the satisfaction of such judgment as may be recovered . . . [i]n an action for the recovery of money against . . . [a] defendant who is a foreign corporation or nonresident of the state . . . .

As an initial matter, the defendants claim that § 425.301 is inapplicable in this situation. Instead, they claim that K.R.S. § 425.306 is appropriate to the circumstances here and that the plaintiff has not met the requirements for relief under that section. § 425.306 provides that:

> Before a debt or liability upon a contract becomes due or matures, an equitable action for indemnity may be brought by a creditor against his debtor . . . [i]f the defendant be about to depart from this state, and, with intent to defraud his creditors, have concealed or removed from this state his property, or so much thereof that the process of court, after judgment, cannot be executed.

The plaintiff argues in response that § 425.301 and § 425.306 are not mutually exclusive and that it may seek recovery under either provision.

The court agrees with the plaintiff. § 425.301 clearly states that a plaintiff may have an order for attachment against a nonresident defendant or foreign corporation in an action for the recovery of money, and this is an action for the recovery of money against two such defendants. While § 425.306 may also provide an avenue for the remedy the plaintiff seeks, the court finds that § 425.301 is equally applicable to the facts of this case.

The defendants also allege that PNC has not complied with the procedural requirements necessary to effect an order of attachment pursuant to § 425.301.

2

That section states:

> Before an order of attachment shall issue prior to judgment, the person seeking the order must first make a demand in writing at or after the time the suit is filed, by delivering such demand and a copy of the complaint, motion, and summons to the debtor or by sending them to him . . . at least seven (7) days and not more than sixty (60) days before such order is sought.  The demand shall contain a statement in substance that the debtor has seven (7) days in which to petition the court for a hearing or in which to pay the claim in full, and that unless a hearing is set or the claim paid, an order will be sought to subject his property to payment of the claim . . . .  An affidavit of the plaintiff or his attorney evidencing compliance with this section shall be filed before an order shall be issued.

§ 425.301(3).  The defendants claim that the plaintiff has not filed the affidavit required by this section and that, because the motion for prejudgment attachment and the notice to the defendants were filed and sent, respectively, on July 10, 2006, the plaintiff did not deliver the demand at least seven days before the order for attachment was sought as required by the statute.

The defendants' arguments do not merit denial of the plaintiff's requested relief.  First, the defendants' contention that the plaintiff has not filed an affidavit pursuant to § 425.301(3) is moot because PNC attached an affidavit from Charles Perry, counsel for PNC, to its reply that fulfills the requirements of that section.  Further, the plaintiff's demand sent to the defendants on July 10, 2006, complied with § 425.301(3).  This demand clearly provided notice that the plaintiff intended to seek a prejudgment attachment and informed the defendants that they had seven days in which to petition the court for a hearing.  Indeed, the plaintiff's demand explicitly referred to § 425.301(3) and often mirrored its language.  While

it is true that the plaintiff filed its motion for prejudgment attachment on the same day this demand was sent, the demand did state that an order for attachment would be sought only if the claim was not paid or a hearing was not set on the motion for attachment. The court finds that PNC has completed the procedural requirements of § 425.301(3).[1]

The defendants also contend that granting an order of attachment to the plaintiff would unduly burden them and violate their substantive due process rights. In support of their "undue burden" claim, the defendants cite *Katz Agency, Inc. v. Evening News Ass'n*, 514 F. Supp. 423 (S.D.N.Y. 1981), which held that "an attachment under New York law for security purposes is appropriate only when it appears likely that a plaintiff will have difficulty enforcing a judgment." *Id.* at 429. This case, however, is readily distinguishable from the case at hand. In *Katz,* the court found that an attachment order would be unnecessary because the defendants had combined assets in excess of $140 million. *Id.* In this action, the defendants have provided no such assurances that PNC will recover on its judgment, if it prevails in this case. Indeed, the defendants have repeatedly stated that they may lack the funds to proceed with this litigation if the order for

---

[1] For similar reasons, the defendants' argument that PNC has not posted the required bond must be rejected. K.R.S. § 425.309(1) states that "[a]n order of attachment shall not be issued until a bond has been executed by one (1) or more sufficient sureties of the plaintiff in an amount not less than double the amount of the plaintiff's claim." While the plaintiff must execute such a bond before an order granting an order for attachment can be issued, § 425.309(1) does not require that this bond be executed at the time an order is sought.

4

attachment is granted.  Even if *Katz* were mandatory authority, the defendants could not benefit from its reasoning.

The defendants' substantive due process argument is also unavailing.  The defendants have not asserted that attachment will deprive them of a fundamental right.  The court must thus evaluate the defendants' substantive due-process claim pursuant to the rational basis standard.  Under that test, a statute need only be "rationally related to a legitimate state interest."  *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 393 (6th Cir. 2005) (citation omitted).  "Plaintiffs alleging due-process violations generally must show that the challenged action was so egregious that it can be said to be arbitrary . . . ."  *Bukowski v. City of Akron*, 326 F.3d 702, 710 (6th Cir. 2003).  Here, the defendants claim only that an attachment order will deprive them of the funds necessary to defend against the plaintiff's claims on the merits.  While this allegation, if true, would certainly represent a substantial injury, it does not rise to due-process dimensions.

Finally, the defendants claim that both Kentucky law and procedural due process require a hearing on the plaintiff's motion for attachment at which the plaintiff must demonstrate the probable validity of its claim before it is entitled to an order.  K.R.S. § 425.307(3) states that an "order of attachment shall be issued by the clerk upon compliance with KRS 425.301(3) unless the defendant has requested a hearing, in which case a hearing shall be conducted pursuant to KRS 425.031."  The plaintiff has not contested the defendants' right to a hearing under

5

both § 425.307(3) and procedural due-process doctrine.

The plaintiff does argue, however, that it need not prove the probable validity of its claim before it may obtain a prejudgment attachment order. The court disagrees. In *Fuentes v. Shevin*, 407 U.S. 67 (1972), the United States Supreme Court stated:

> Since the essential reason for the requirement of a prior hearing is to prevent unfair and mistaken deprivations of property, however, it is axiomatic that the hearing must provide a real test. "*[D]ue process is afforded only by the kinds of 'notice' and 'hearing' that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor before he can be deprived of his property.*"

*Id.* at 97 (quoting *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 343 (1969)) (emphasis added). Due process clearly requires the plaintiff to prove the probable validity of its claim against the defendants at a hearing.

While Kentucky law on this issue is minimal, pertinent state authority supports this conclusion. K.R.S. § 425.036, which deals with the requirements for the issuance of writs of possession, also requires a plaintiff to establish the "probable validity of his claim to possession of the property." Although this section does not specifically address pre-judgment attachment, at least one source states that "[m]ost judges and practitioners refer to K.R.S. 425.031, concerning conduct of the hearing, and 425.036 . . . , for the burden of proof standard [in proceedings for attachment]." *Debtor/Creditor Relations in Kentucky* § 5.88 (UK/CLE, 2d ed. 2002). In fact, K.R.S. § 425.307(3) requires a hearing, when requested, to be

conducted in accordance with § 425.031, suggesting that § 425.036 should also apply to requests for pre-judgment attachment.

In sum, the court finds that the defendants are entitled to a hearing on the plaintiff's motion for pre-judgment attachment under both the United States Constitution and K.R.S. § 425.307(3).  The court will order that such a hearing be held, and it will be conducted in accordance with K.R.S. § 425.031.  Before any order for pre-judgment attachment will be entered by this court, the plaintiff must: (1) establish that it is entitled to such an order pursuant to K.R.S. § 425.301; (2) demonstrate the probable validity of its claim against the defendants; and (3) execute a bond as required by K.R.S. § 425.309.  Accordingly,

**IT IS ORDERED** that the defendants' request for a hearing on the plaintiff's motion for pre-judgment attachment (DE 9) is **GRANTED**.  The hearing will be scheduled during the telephonic status conference on October 27, 2006.

Signed on  October 27, 2006

**Jennifer B. Coffman, Judge**
**United States District Court**

7