UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-292-C**

**PNC BANK, NATIONAL ASSOCIATION,**                                                                       **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**M.T. PERSON, III, ET AL.,**                                                                            **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to stay (DE 34). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendants' motion.

**I. Factual Background**

The plaintiff, PNC Bank, National Association ("PNC"), brings a claim for breach of contract against the defendants, M.T. Person, III ("Person") and The Providence Group, Inc. ("Providence"), arising out of the planned construction of a housing project in Louisville, Kentucky (the "Project"). Providence is a Mississippi corporation that is the developer of the Project, and Person is the President of Providence. Kentucky Commons, LLC ("Kentucky Commons") is the owner of the real property on which the Project was to be built.

On July 1, 2005, Kentucky Commons and PNC entered into a Reimbursement and Security Agreement ("Reimbursement Agreement") pursuant to which Kentucky Commons allegedly agreed to reimburse PNC for any funds drawn on an irrevocable letter of credit that PNC issued on July 11, 2005, in connection

with a $12.5 million bond issue.  On or about July 1, 2005, Person and Providence each executed an Agreement of Guaranty and Suretyship (Completion) and an Agreement of Guaranty and Suretyship (Payment) (collectively, "Guaranty Agreements").  PNC alleges that, pursuant to the Guaranty Agreements, Providence and Person were guarantors of the Project's completion and the payment of all sums due under the Reimbursement Agreement.

On July 13, 2005, Providence entered into a Committed Revolving Line of Credit Note (the "Note") with PNC.  On the same date, Person executed an Agreement of Guaranty and Suretyship ("Line of Credit Guaranty") whereby he guaranteed the obligations and liabilities arising under the Note.  According to PNC, the Note contains a cross-default provision under which a default by Kentucky Commons under the Reimbursement Agreement triggers a default by the defendants under the Note and Line of Credit Guaranty.  *See* Note ¶¶ 7, 8.

Construction on the Project began in mid-2005, and, pursuant to the Reimbursement Agreement, Kentucky Commons periodically submitted draw requests to PNC for the payment of third parties who completed work on the Project.  According to the defendants, PNC began to wrongfully deny these draw requests in the early part of 2006; PNC's purported justification for its denials was that the Project was overbudget.  As a result, the third parties who performed work on the project allegedly were not paid, and they began to file liens against the subject property.

On May 1, 2006, PNC informed Kentucky Commons that PNC was declaring it in default of the Reimbursement Agreement on the ground that Kentucky Commons allegedly failed to notify PNC when Kentucky Commons became aware of certain changes in the approved budget for the Project; Kentucky Commons purportedly further breached the agreement by failing to submit a revised budget to PNC.  *See* Reimbursement Agreement, ¶ 8.3.  PNC also demanded that Person and Providence, as guarantors of Kentucky Commons's obligations under the Reimbursement Agreement, cure the defaults of Kentucky Commons.  Finally, PNC declared Providence and Person in default of the Note and Line of Credit Guaranty, respectively, based on the cross-default provision in the Note; PNC claimed this provision was triggered by Kentucky Commons's alleged default under the Reimbursement Agreement and the defendants' alleged defaults under the Guaranty Agreement.  On June 2, 2006, PNC again notified Person and Providence of the alleged defaults under the Reimbursement Agreement and the Note.  Kentucky Commons, Providence, and Person protested PNC's declarations of default, and PNC commenced this action on June 14, 2006.  Notably, PNC seeks recovery in this action against only Person and Providence and based solely on their alleged defaults under the Note and the Line of Credit Guaranty, not on their alleged defaults as guarantors of the Reimbursement Agreement.

On August 22, 2006, the defendants filed their answer and counterclaim.  They allege that PNC's calculations regarding the Project's expenditures were

3

replete with errors that caused the Project to appear over-budget. They further claim that PNC's wrongful denials of Kentucky Commons's draw requests caused the Project to fail and that PNC's declaration of Kentucky Commons's default under the Reimbursement Agreement was therefore wrongful as well. Thus, the defendants maintain, PNC's declarations of default against them under the Reimbursement Agreement, Note, and Line of Credit Guaranty were also improper. The defendants allege claims against PNC for breach of the Reimbursement Agreement and Note and for breach of the duty of good faith and fair dealing.

On August 11, 2006, Louisville Paving Company, Inc. ("Louisville Paving") and Kelsey Construction ("Kelsey") filed separate complaints in Jefferson Circuit Court. The complaints sought to foreclose mechanics liens against the real property owned by Kentucky Commons that is the subject of this suit. On September 14, 2006, PNC filed its own suit in Jefferson Circuit Court against the defendants, Kentucky Commons, and all of the other lien claimants in the *Louisville Paving* and *Kelsey* actions. PNC's suit alleged claims against Kentucky Commons for breach of contract; against Person and Providence for breach of their obligations as guarantors of Kentucky Commons's obligations under the Reimbursement Agreement; and against the third parties who claim liens against the Project. In addition to damages, PNC claimed a first mortgage lien on the real property at issue in this case. PNC did not seek recovery against Providence and Person in the Jefferson Circuit Court action based on their alleged liability under the Note and

Line of Credit Guaranty, respectively.

On October 3, 2006, the Jefferson Circuit Court consolidated the *Kelsey* action and the *PNC* state court action into the *Louisville Paving* action. On October 12, 2006, Providence and Person filed their answer and counterclaim in Jefferson Circuit Court, in which they assert the same claims and defenses against PNC as they have in this action. On October 16, 2006, the Jefferson Circuit Court referred this consolidated action to the Jefferson County Master Commissioner for the determination of the relative priorities to be accorded the competing liens.

**II. Legal Analysis**

The defendants seek a stay of this action pursuant to the principles expressed in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), in which the United States Supreme Court held that principles of "wise judicial administration" could justify the dismissal or stay of a federal suit due to the presence of a concurrent state proceeding. *Id.* at 817-18. The Court also noted, however, that federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given them. *Id.* Thus, a district court must determine whether there exist "'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender*" of its jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis added).

In considering whether it should abstain in favor of a concurrent state

proceeding, a district court must perform a two-step inquiry. First, it must decide whether the federal and state proceedings are parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 349 (6th Cir. 1998); *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir. 1994). If they are not parallel, the district court cannot abstain, as it "would have nothing in favor of which to abstain." *Baskin*, 15 F.3d at 571. If the proceedings are parallel, the court must then examine a number of factors to determine whether *Colorado River* abstention is appropriate under the circumstances. *Romine*, 160 F.3d at 340-41. These factors include: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of the governing law is state or federal; (6) the adequacy of the state court action to protect the plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.* These factors do not comprise a mechanical checklist but must instead be considered as they apply to the particular facts of a case. *Id.* at 341 (citing *Moses H. Cone*, 460 U.S. at 15-16).

    PNC first claims that the required parallelism is lacking here because its claim based on the defendants' alleged breaches of the Note and Line of Credit Guaranty are not at issue in the Jefferson Circuit Court proceeding. PNC is correct on this point; it does not seek recovery under the Note and Line of Credit Guaranty against

the defendants in Jefferson Circuit Court. Further, it does not seek recovery in this court based on the defendants' alleged guaranty of the Reimbursement Agreement; Kentucky Commons's alleged breaches of the Reimbursement Agreement and the bond note assigned to PNC by the City of Manor Lane Heights (which is a party in the state court action); or a lien on the real property on which the Project was to be built. Thus, PNC's claim in this case is not present in the state court action, and its claims in the state court action are not asserted here.

The defendants argue in response that this action and the consolidated state proceedings are parallel because substantially the same parties and issues are involved in them. The defendants point out that the result in both the state court action and this case will likely depend on whether Kentucky Commons breached the Reimbursement Agreement. They also note that PNC, Providence, and Person are all parties to the state court action; thus, they urge, staying this action would not run the risk of excluding any parties from the litigation.

In determining whether two proceedings are parallel, "exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)); *see also U.S. Bank Nat'l Ass'n v. EMC-Lincolnshire, LLC*, No. 03-C-4692, 2003 WL 22048097, at *4 (N.D. Ill. Aug. 28, 2003). The issue is not, however, whether the proceedings could be modified to make them parallel; "[t]he issue is whether the state court proceeding, as it *currently* exists, *is* a parallel state-court

proceeding." *Baskin*, 15 F.3d at 572 (quoting *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984)) (emphasis in original). The *Baskin* court also noted that whether complete relief is available in the state court proceeding is of paramount importance in deciding the abstention issue. *Id.*

This action and the Jefferson Circuit Court consolidated action are not parallel proceedings. PNC's claims for recovery under the Note and Line of Credit Guaranty are asserted only in this case and are not at issue in the state proceeding. Thus, the state-court action will clearly not dispose of all the claims presented in this case. Despite the fact that all of *the defendants'* claims are asserted in both fora, *PNC* would be unable to obtain relief in its suit on the Note and Line of Credit Guaranty in the state-court case. Although PNC could have asserted these claims for recovery in Jefferson Circuit Court, this fact is not dispositive; the state court litigation simply would not resolve the claims it has asserted in this action. *See TruServ Corp. v. Fleges, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005). Additionally, this court has, by separate order, granted PNC's motion for pre-judgment attachment, and there is no indication that it has obtained or even sought such relief in the state court proceedings.

Where, as here, there is any substantial doubt as to whether the state-court action would be an adequate vehicle for the complete resolution of the issues between the parties, it would be a serious abuse of discretion to grant a stay or dismissal. *See Moses H. Cone*, 460 U.S. at 28. Having determined that this action

and the Jefferson Circuit Court action are not parallel proceedings, the court need not consider the *Colorado River* factors.  Accordingly,

    **IT IS ORDERED** that the defendants' motion for stay (DE 34) is **DENIED**.

   Signed on  May 8, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**

9