**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-292-C**

**PNC BANK, NATIONAL ASSOCIATION,**                              **PLAINTIFF,**

**V.**                           **MEMORANDUM OPINION AND ORDER**

**M.T. PERSON, III, ET AL.,**                                   **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the plaintiff's motion for summary judgment (DE 33) and the defendants' motion to transfer proceedings to bankruptcy court (DE 78). The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion and deny the defendants' motion.

**I.    Factual Background**

The plaintiff, PNC Bank, National Association ("PNC"), brings a claim for breach of contract against the defendants, M.T. Person, III ("Person") and The Providence Group, Inc. ("Providence"), arising out of the planned construction of a housing project in Louisville, Kentucky (the "Project"). Providence is a Mississippi corporation that is the developer of the Project, and Person is the President of Providence. Kentucky Commons, LLC ("Kentucky Commons") is the owner of the real property on which the Project was to be built.

Various interrelated loan documents are central to this matter. On July 1, 2005, Kentucky Commons and PNC entered into a Reimbursement and Security

Agreement ("Reimbursement Agreement").  On July 13, 2005, Providence entered into a Committed Revolving Line of Credit Note ("Note") with PNC for the original sum of $500,000.  On the same date, Person executed an Agreement of Guaranty and Suretyship ("Line of Credit Guaranty") whereby he guaranteed the obligations and liabilities arising under the Note.  The Note contains a cross-default provision under which a default by Kentucky Commons under the Reimbursement Agreement triggers a default by the defendants under the Note and Line of Credit Guaranty.

Pursuant to the Reimbursement Agreement, Kentucky Commons was obligated to provide a development budget and to revise that budget if it became aware of any changes.  On May 1, 2006, PNC informed Kentucky Commons that PNC was declaring it in default of the Reimbursement Agreement on the grounds that Kentucky Commons failed to notify PNC when Kentucky Commons became aware of certain changes in the approved budget for the Project and failed to submit a revised budget to PNC.  Kentucky Commons was obligated to deposit funds equal to the budget shortfall within ten days of receiving the notice from PNC, but it failed to deposit the funds, which inaction was an event of default under the Reimbursement Agreement.

PNC also declared Providence and Person in default of the Note and Line of Credit Guaranty, respectively, based on the cross-default provision in the Note.  On June 2, 2006, PNC again notified Person and Providence of the alleged defaults under the Reimbursement Agreement and the Note.  An additional event of default

2

under the Note occurred when the defendants failed to repay the principal and accrued interest due when the Note matured in July of 2006.  Kentucky Commons, Providence, and Person protested PNC's declarations of default, and PNC commenced this action on June 14, 2006.  PNC seeks recovery in this action against Person and Providence based on their alleged defaults under the Note and the Line of Credit Guaranty.  PNC is moving for summary judgment based on the defendants' failure to comply with their contractual obligations.

## II.   Standard of Review

Summary judgment is appropriate only when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The moving party's burden can be satisfied by demonstrating that there is an absence of evidence to support the non-moving party's case.  *Id*. at 324-25.  To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).  The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56 (e).   The court must view all of the evidence in the light most favorable to the party opposing summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.   Legal Analysis

3

Under Kentucky law, a party may recover for breach of contract if it demonstrates the existence of a contractual duty and a breach of that duty. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001) (citing *Strong v. Louisville & Nashville R. Co.*, 43 S.W.2d 11, 13 (Ky. 1931)).

As discussed above, the defendants had obligations and liabilities arising under the Note and the Line of Credit Guaranty. The Note executed by Providence was payable to PNC, and Person was a guarantor of the Note under the Line of Credit Guaranty. The Note was issued in connection with the Reimbursement Agreement between Kentucky Commons and PNC. According to the cross-default provision in the Note, a default under the Reimbursement Agreement was also an event of default under the Note. When Kentucky Commons failed to comply with the terms of the Reimbursement Agreement, PNC declared it in default of the agreement. The defendants' failure to cure the default under the Reimbursement Agreement constituted a breach of their duties under the Note.

A separate event of default occurred due to the defendants' failure to pay the Note upon its maturity, thus constituting an independent breach of their contractual duties. The Note matured according to its terms on July 13, 2006, and the defendants have not made any of the required payments on the Note.

The defendants do not dispute that they agreed to repay a loan from PNC and then failed to meet that obligation. The defendants do, however, contend that they had a legal excuse for failing to meet their obligations upon PNC's request. If

4

PNC breached a duty to the defendants then the defendants would be excused from meeting their obligations.

The defendants argue that PNC breached its duty of good faith under the implied covenant of good faith and fair dealing present in every contract.  This breach of good faith allegedly occurred when PNC declared the defendants to be in default and called the line of credit.  According to the defendants, testimony by Person and an accountant establish that PNC took those actions in bad faith.

However, the defendants fail to identify the testimony to which they are referring, or to identify the specific evidence presented by the testimony.  They list issues which they claim are raised by Person's testimony,[1] but do not present evidence that raises a dispute as to any material fact or issue in this matter.  To survive summary judgment the defendants need to "do more than simply show that there is some metaphysical doubt as to the material facts."  *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087-88 (6th Cir. 1996) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)).  The defendants have failed to "present affirmative evidence" that would raise a dispute as to the facts in this matter.  *Id.*  Even when viewed in the light most favorable to the defendants, the

---

[1] *See* DE 82 at 3 (("Specific issues raised by Tom Person's testimony include: a) the appropriateness of the budgets prepared by PNC, particularly with respect to the accounting for developer fees as a source of funding, the GIC interest, and the costs for building permits; b) the number of days PNC gave Defendants to address its demands and whether the contract documents required 10, 30, 90 or 120 days; and c) whether Plaintiff acted as it did because Defendants had made the decision to take its future business to another lender." (footnotes omitted)).

issues raised do not present evidence creating a genuine dispute as to a material fact at issue and do not preclude summary judgment for the plaintiff.

Additionally, the duty of good faith can be breached only in conjunction with a breach of an express contractual obligation. *See* U.C.C. § 1-304, cmt. 1 ("[T]he doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached."). The defendants offer no evidence that PNC breached the contract according to its terms, and thus the defendants do not have grounds to allege that PNC breached any duty of good faith.

The defendants also contend that their need for discovery precludes summary judgment. They argue it is necessary to depose "one or more PNC officers or agents" to discover PNC's "basis for declaring Defendants in default as quickly as it did, to explain why it rejected the budget Defendants tendered, or how it calculated the budgets it created." DE 82 at 4. According to the defendants, summary judgment is premature until such discovery is completed.

Discovery need not occur before the court grants summary judgment, but such a grant "is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)); *see also* Fed. R. Civ. P. 56(a), 56(f). If further discovery is needed, then

6

the non-movant must demonstrate this by complying with the requirements of Federal Rule of Civil Procedure 56(f).  While the defendants filed an affidavit, as required by Rule 56(f), it fails to make detailed or specific assertions regarding the following: the discovery that needs to be conducted, how the information sought is material to the resolution of this action, or why the defendants have not previously conducted this discovery or sought this information. *See Cuco v. Fed. Med. Ctr.- Lexington*, 2006 U.S. Dist. Lexis 49711, at *47-49 (E.D. Ky. June 9, 2006) (citing cases).  Therefore, the defendants have failed to meet their burden of demonstrating to the court that additional time is necessary to conduct discovery.

Additionally, the resolution of this action has already been delayed.  PNC filed suit against Providence and Person on June 14, 2006, but the defendants did not answer the complaint until August 22, 2006, after multiple extensions of time. PNC filed this summary-judgment motion on October 20, 2006, and the defendants responded on August 31, 2007, following the resolution of a motion to stay by defendants and the lifting of the automatic stay imposed when the defendants filed for bankruptcy.  The defendants do not appear to have used this time to discover any information that would raise a genuine dispute as to the material facts at issue. Rather than obtaining an affidavit from Person that could present specific issues requiring further discovery, the defendants allege speculative and general issues that they claim may lead to a possible defense.

Therefore, PNC is entitled to summary judgment as a matter of law as there

7

are no genuine issues of material fact in dispute regarding the defendants' breach of their contractual duties.

The defendants request that in the event the court grants summary judgment for the plaintiff, the defendants be permitted to proceed with their counterclaims against PNC. If the defendants could raise genuine disputes as to the material facts at issue in this matter, then such evidence should have been presented in response to the plaintiff's summary-judgment motion. The defendants' affirmative defenses/counterclaims are not preserved following the entry of this judgment.

The defendants are moving to transfer this proceeding to the U.S. Bankruptcy Court for the Northern District of Mississippi. The Bankruptcy Court having lifted the automatic stay and having allowed PNC to proceed with this litigation, the court will deny the defendants' transfer motion. *See* Order Granting Motion to Modify Automatic Stay to Allow Kentucky Federal Action to Proceed, attached as Exhibit A to DE 79.

Accordingly,

**IT IS ORDERED** that the defendants' motion to transfer proceedings to Bankruptcy Court (DE 78) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff PNC Bank, National Association is awarded judgment in the amount of $539,571.61, along with pre-judgment interest

and post-judgment interest as allowed by law, plus the plaintiff's reasonable costs.



Signed on  September 26, 2007

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**